## ALICE BUCKINGHAM

### *v.*

## ERASTUS CORNING.

1. For error apparent on the face of a decree, a bill of review may be filed without leave, but when a decree is sought to be impeached by proof of newly-discovered facts, a bill cannot be filed except by special permission of the court.

2. As a general rule, a supplemental bill cannot be filed without leave.

3. A supplemental bill may be added to a bill of review.

4. If a bill of review is filed without leave, or is inconsistent with the leave granted, it will be ordered to be taken from the files.

5. A suitor who acts by leave of the court, can only do the things covered by his license, and anything he does beyond will be considered unauthorized.

---

On motion for order to strike bill of review from the files.

*Mr. Thomas N. McCarter*, for motion.

*Mr. A. Q. Keasbey, contra.*

Buckingham *v.* Corning.

THE VICE-CHANCELLOR.

This is a motion for an order to take from the files a bill of review, alleged to have been filed without authority. The defendant in the present suit, in April, 1876, obtained a decree of this court condemning to sale certain lands of the complainant and others for the payment of a mortgage debt of over $96,000. This decree was founded on mortgages made by the present complainant's father, who died in 1874. Upon a petition subsequently filed, representing that the complainant had recently discovered facts tending to show that a payment of over $11,000 had been made on the mortgage debt which had not been credited, and also tending to show that one of the mortgages on which the defendant's decree is founded, is subject to a large deduction, because it had been given under an arrangement whereby the mortgagor was required, as a condition of the loan, to transfer to a son of the mortgagee property worth over $30,000, leave was granted to the complainant to file a bill of review. Under the cover of this license, the complainant has filed a bill embracing the two grounds set up in her petition, and also alleging that the decree is erroneous for two additional reasons, namely : First, because it directed a sale of the mortgaged premises in an inequitable mode ; and, second, because a necessary party to the suit had been omitted. The bill also seeks to have a sale of the mortgaged premises, subsequently made under the decree to the present defendant, set aside on the ground that he and others, acting in fraudulent concert, by certain acts and omissions, put the title to certain parts of the mortgaged premises in so much doubt and confusion that bidders were deterred from bidding, and all competition at the sale prevented.

It is perfectly clear the complainant has made a very different and much broader case than that she asked leave to make, and it is equally obvious that so much of the case made by her bill as is in excess of the case made in her petition, has been exhibited without the permission of the

court.  A bill of review to reverse a decree for error apparent on its face may be filed without leave (*Webb* v. *Pell*, 1 *Paige* 564; 2 *Hoffman's Ch. Pr.* 8; 2 *Dan. Ch. Pr.* 1577, *note* 2), but neither a bill of review, nor a bill in the nature of a bill of review, to impeach a decree by proof of newly-discovered facts, can be filed without the special permission of the court (*Quick* v. *Lilly*, 2 *Gr. Ch.* 255; *Story's Eq. Pl.*, §§ 404, 422; 2 *Dan. Ch. Pr.* 1577; 2 *Hoffman's Ch. Pr.* 8); and if it is, it will be ordered to be taken off the files (2 *Dan. Ch. Pr.* 1537; *Hodson* v. *Ball*, 11 *Sim.* 456; *S. C. on appeal*, 1 *Ph.* 177), and the same course will be adopted when a defendant files a bill of review, even with permission, before he performs the decree he attacks, so far as it is his duty to perform it.  *Partridge* v. *Usborne*, 5 *Russ.* 195.  As a general rule, a complainant in an original bill will not be permitted to file a supplemental bill without first obtaining leave. *Allen* v. *Taylor*, 2 *Gr. Ch.* 435; *Barriclo* v. *Trenton M. L. and Fire Ins. Co.*, 2 *Beas.* 154; 1 *Hoffman's Ch. Pr.* 403.  This control has been deemed necessary to prevent delay and vexation.  *Eager* v. *Price*, 2 *Paige* 333.

The bill in this case is something more than a bill of review; it was intended to be a bill of review, with a supplemental bill added.  Bills of this description are mentioned in the books.  Mitford says : " A supplemental bill may likewise be added, if any event has happened which requires it; and particularly, if any person, not a party to the original suit, becomes interested in the subject, he must be made a party to the bill of review by way of supplement." *Mitf. Eq. Pl. by Jeremy* 89.  And this passage, almost *in hæc verba*, appears in *Story's Eq. Pl.* § 420.  It is not necessary now to decide whether that part of the bill which seeks to avoid the sale, and is called supplemental, can, in any sense, be regarded as supplemental to or in aid of the main purpose of the bill of review, or must be considered as making an entirely new case, on a new and independent cause of action accruing subsequently to the decree.  The question raised by the motion is, Has the complainant proceeded in

conformity to the leave granted, or has she attempted to abuse it ?    She had no authority to file a bill of review with a supplemental bill added.    She merely asked for leave to file a bill attacking the decree upon two grounds; she presented no other grounds, and no other was considered.    She had leave to file a bill specifying those two grounds, and no others.    The manifest purpose of the rule requiring a suitor to obtain leave before filing a bill of review, is to prevent frivolous and vexatious litigation.    This cannot be accomplished unless the bill is restricted to the case made by the petition, or the ground of action specified in the order granting leave.    Had the complainant asked leave by her petition in this case to impeach the decree on the ground that it directed a sale of the mortgaged premises in an inequitable mode, it would have been denied, for she had already been afforded an ample opportunity to show that a change in the mode of sale was necessary to prevent injustice, but declined to avail herself of it.

There can be no doubt the complainant has exhibited a bill she was not authorized to file.    Where a bill of review has been filed without the leave of the court, or inconsistent with the leave granted, as in the case where other objects than those comprehended in the leave are introduced, the bill will be ordered to be taken off the file.    *Hodson* v. *Ball*, 11 *Sim.* 456; *S. C. on appeal*, 1 *Ph.* 177.    In *Milligan* v. *Mitchell*, 1 *Myl. & Cr.* 433, the complainant, under leave to amend by adding new parties, or by inserting an allegation showing why he was unable to bring all the proper parties before the court, in addition to adding new parties, introduced new statements and charges into his bill, and the court ordered the amended bill off the files and mulcted him with costs.    It was held the amendments, so far as they introduced new statements and charges, were unauthorized, and that the introduction of the statements and charges was an abuse of the favor of the court.    As a matter of principle, it seems to. me to be obvious that when a suitor acts by leave of the court, he can only do the things clearly covered by his license, and

16

that anything he does beyond that must be considered unauthorized.

The complainant has attempted to make a case essentially different from that she asked liberty to make; in doing so she has abused the indulgence of the court, and her bill must therefore be taken off the files. The defendant is entitled to costs.